Reid M. Figel (rfigel@kellogghansen.com)
(*pro hac vice pending*)
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900

Gavin Rooney (grooney@lowenstein.com)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Tel.: 973-597-2500

*Counsel for Defendant.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN CAPORALE, TIM UNES, MAGGIE MULVANEY, and MEGAN POWERS,<br><br>Plaintiffs,<br><br>*v.*<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS<br><br>Defendant. | Case No.: 3:21-cv-20484<br><br>Hon. Zahid N. Quraishi<br><br>*Document Filed Electronically* |

## ANSWER OF CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiffs Justin Caporale, Tim Unes, Maggie Mulvaney, and Megan Powers and reserves its rights to request dismissal of the Complaint on any and all grounds. Unless expressly admitted, all allegations set forth in the Complaint are denied.

**PRELIMINARY STATEMENT**

1.      On November 24, 2021, Verizon received, as relevant here, four subpoenas from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records for phone numbers associated with Plaintiffs' accounts which Plaintiffs maintained with Verizon (the "Subpoenas"). *See* Compl. Exs. A-D. These Subpoenas demanded production of only Subscriber Information,[1] Connection Records, and Records of Session Times and Durations[2] for the time period from November 1, 2020 through January 31, 2021. These Subpoenas do not compel the production of any call or text message content, or location information.

2.      Upon receiving the Subpoenas, Verizon notified Plaintiffs of Verizon's receipt of the Subpoenas from the Select Committee. *See* Compl. Ex. A at 1, Ex. B at 1, Ex. C at 1, Ex. D at 1. This notice informed Plaintiffs that, unless Verizon received "a court document challenging the [S]ubpoena[s] by December 15, 2021, Verizon is compelled to comply with the [S]ubpoena[s]." Compl. Ex. A at 1, Ex. B at 1, Ex. C at 1, Ex. D at 1.

3.      Verizon also provided Plaintiffs with copies of the Subpoenas issued by the Select Committee, *see* Compl. Ex. A at 2-7, Ex. B at 2-7, Ex. C at 2-7, Ex. D at 2-7, except that Verizon

---

[1] "Subscriber Information" includes:  name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[2] "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4. Plaintiffs filed this case in the District of New Jersey on December 13, 2021.

5. Thus, consistent with the notice that Verizon provided Plaintiffs, Verizon has not produced any of Plaintiffs' records in response to the Select Committee's Subpoenas.

6. In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers. Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Plaintiffs.

## **RESPONSES TO PLAINTIFFS' ALLEGATIONS**

1. Verizon lacks sufficient information to admit or deny allegations about the Congressional investigation described in paragraph 1. Verizon admits that it received the Subpoenas.

2. The allegations in paragraph 2 consists of legal arguments, legal conclusions, and a summary of the relief sought, to which no response is required. To the extent a response is required, Verizon lacks sufficient information to admit or deny the allegations in paragraph 2.

3. Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 3. Verizon admits that it provided written notice to Justin Caporale concerning one of the Subpoenas received by Verizon from the Select Committee.

4. Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 4. Verizon admits that it provided written notice to Tim Unes concerning one of the Subpoenas received by Verizon from the Select Committee.

5. Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 5. Verizon admits that it provided written notice to Maggie Mulvaney concerning one of the Subpoenas received by Verizon from the Select Committee.

6. Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 6. Verizon admits that it provided written notice to Megan Powers concerning one of the Subpoenas received by Verizon from the Select Committee.

7. Verizon admits the allegations in paragraph 7.

8. Verizon admits that the allegations in paragraph 8 of Plaintiffs' Complaint challenges the validity of the Subpoenas, raises challenges to the scope of the investigative power of Congress under Article I of the United States Constitution, and asserts claims arising under the First and Fourteenth Amendments of the United States Constitution, and under the Stored Communications Act, 18 U.S.C. § 2701, et seq.

9. Verizon admits the allegations in paragraph 9.

10. Verizon admits the allegations in paragraph 10.

11. Verizon admits the allegations in paragraph 11.

12. Verizon lacks sufficient information to admit or deny the allegations in paragraph 12.

13. Verizon admits the allegations in paragraph 13, which references actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021. Verizon lacks sufficient information to admit or deny the allegations in the last sentence of paragraph 13.

14. The allegations in paragraph 14 quote from the publicly available document, House Resolution 503 ("H.R. Res. 503") from the 117th Congress. Verizon respectfully refers the Court to the full text of the document for a compete record of its contents.

15. Verizon lacks sufficient information to admit or deny the allegations in paragraph 15.

16. Verizon lacks sufficient information to admit or deny the allegations in paragraph 16.

17. The allegations in paragraph 17 quote from the publicly available document, H.R. Res. 503. Verizon respectfully refers the Court to the full text of the document for a compete record of its contents.

18. The allegations in paragraph 18 quote from the publicly available document, H.R. Res. 503. Verizon respectfully refers the Court to the full text of the document for a compete record of its contents.

19. The allegations in paragraph 19 quote from the publicly available document, H.R. Res. 503. Verizon respectfully refers the Court to the full text of the document for a compete record of its contents.

20. Verizon admits that there is a website found at https://january6th.house.gov. Verizon has insufficient information to admit or deny the remaining allegations of paragraph 20.

21. Verizon lacks sufficient information to admit or deny the allegations in paragraph 21.

22. Verizon lacks sufficient information to admit or deny the allegations in paragraph 22.

23. Verizon denies the allegations in paragraph 23 as to Verizon, but lacks sufficient information to admit or deny the remaining allegations in paragraph 23.

24. The allegations in paragraph 24 purport to summarize documents appended to Plaintiffs' Complaint. Verizon respectfully refers the Court to the full text of those documents for a compete record of their contents.

25. The allegations in paragraph 25 purport to summarize documents appended to Plaintiffs' Complaint. Verizon respectfully refers the Court to the full text of those documents for a compete record of their contents. Verizon lacks sufficient information to admit or deny the allegations in paragraph 25.

26. The allegations in paragraph 26 appear to summarize documents appended to Plaintiffs' Complaint. Verizon respectfully refers the Court to the full text of those documents for a compete record of their contents. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 26.

27. Verizon lacks sufficient information to admit or deny the allegations in paragraph 27.

28. Verizon lacks sufficient information to admit or deny the allegations in paragraph 28.

29. Verizon lacks sufficient information to admit or deny the allegations in paragraph 29.

30. Verizon lacks sufficient information to admit or deny the allegations in paragraph 30.

31. Verizon lacks sufficient information to admit or deny the allegations in paragraph 31.

32. Verizon lacks sufficient information to admit or deny the allegations in paragraph 32.

33. Verizon lacks sufficient information to admit or deny the allegations in paragraph 33.

34. Verizon lacks sufficient information to admit or deny the allegations in paragraph 34.

35. Verizon lacks sufficient information to admit or deny the allegations in paragraph 35.

36. Verizon lacks sufficient information to admit or deny the allegations in paragraph 36.

37. Verizon lacks sufficient information to admit or deny the allegations in paragraph 37.

38. Verizon lacks sufficient information to admit or deny the allegations in paragraph 38.

39. Verizon admits that it received the Subpoenas from the Select Committee on or about November 24, 2021. Copies of the Subpoena are attached to Plaintiffs' Complaint as exhibits. Verizon respectfully refers the Court to the full text of those documents for a compete record of their contents. Verizon also respectfully refers the Court to the full text of the news report linked in paragraph 39 for a complete record of its contents. Verizon denies the remainder of the allegations in paragraph 39.

40. The allegations in paragraph 40 summarize documents appended as exhibits to Plaintiffs' Complaint. Verizon respectfully refers the Court to the full text of those documents for

a compete record of their contents.  Verizon admits the allegations in the last sentence of paragraph 40.

41.     The allegations in paragraph 41 summarize documents appended as exhibits to Plaintiffs' Complaint.  Verizon respectfully refers the Court to the full text of those documents for a compete record of its contents.  Verizon denies the remaining allegations in paragraph 41. Verizon specifically denies that the Subpoenas seek the production of "all calls" and "text messages."

42.     Verizon admits that the Subpoenas demand documents for the time period November 1, 2020 to January 31, 2021.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 42.

43.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 43.

44.     Verizon incorporates by reference paragraphs one through six of the Preliminary Statement to this Answer.  Verizon denies that the Subpoenas seek any call or text message content, or location information.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 44.

45.     Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 45.

46.     With respect to paragraph 46, Verizon incorporates by reference its responses to paragraphs 1 through 45.

47.     The allegations in paragraph 47 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 47 for a complete record of its contents.

48. The allegations in paragraph 48 are legal conclusions to which no response is required.

49. The allegations in paragraph 49 are legal conclusions to which no response is required.

50. The allegations in paragraph 50 are legal conclusions to which no response is required.

51. The allegations in paragraph 51 are legal conclusions to which no response is required.

52. The allegations in paragraph 52 are legal conclusions to which no response is required.

53. The allegations in paragraph 53 are legal conclusions to which no response is required.

54. The allegations in paragraph 54 are legal conclusions to which no response is required.

55. With respect to paragraph 55, Verizon incorporates by reference its responses to paragraphs 1 through 54.

56. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 56.

57. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 57.

58. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 58.

59. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 59.

60. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 60.

61. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 61.

62. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 62.

63. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 63.

64. Verizon denies that the Subpoenas seek any call or text message content, or location information. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 64.

65. The allegations in paragraph 65 are legal conclusions to which no response is required.

66. With respect to paragraph 66, Verizon incorporates by reference its responses to paragraphs 1 through 65.

67. The allegations in paragraph 67 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 67 for a full record of its contents.

68. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 68.

69. Verizon denies that the Subpoenas seek any call or text message content, or location information. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 69.

70. The allegations in the last sentence of paragraph 70 are legal conclusions to which no response is required. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 70.

71. With respect to paragraph 71, Verizon incorporates by reference its responses to paragraphs 1 through 70.

72. The allegations in paragraph 72 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 72 for a complete record of its contents.

73. The allegations in paragraph 73 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 73 for a complete record of its contents.

74. The allegations in paragraph 74 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 74 for a complete record of its contents.

75. The allegations in paragraph 75 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 75 for a complete record of their contents.

76. The allegations in paragraph 76 are legal conclusions to which no response is required.

77. The allegations in paragraph 77 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon lacks sufficient information to either admit or deny the allegations in paragraph 77. Further, to the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 77 for a complete record of its contents.

78. The allegations in paragraph 78 are legal conclusions to which no response is required.

79. With respect to paragraph 79, Verizon incorporates by reference its responses to paragraphs 1 through 78.

80. The allegations in paragraph 80 are legal conclusions to which no response is required.

81. The allegations in paragraph 81 are legal conclusions to which no response is required.

82. The allegations in paragraph 82 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 82 for a complete record of its contents.

83. With respect to paragraph 83, Verizon incorporates by reference its responses to paragraphs 1 through 82.

84. Verizon denies that the Subpoenas seek "the actual content of communications."

85. Verizon admits the allegations in the first sentence in paragraph 85. Verizon lacks sufficient information to either admit or deny the allegations in the second sentence in paragraph 85.

86. The allegations in paragraph 86 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

87. Verizon denies that the Subpoenas "seek[] content of the Plaintiffs' communications."

88. With respect to paragraph 88, Verizon incorporates by reference its responses to paragraphs 1 through 87.

89. Verizon admits the allegations in the first sentence of paragraph 89 as it relates to Verizon. Verizon lacks sufficient information to either admit or deny the allegations in the first sentence of paragraph 89 as it relates to other carriers. Verizon denies the allegations in the second sentence of paragraph 89.

90. The allegations in paragraph 90 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers to the full text of the Stored Communication Act for a complete record of its contents.

91. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 91.

92. Verizon denies the allegations in paragraph 92.

93. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 93.

94. Plaintiffs' Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment in sections 1 through 4, and 6. Verizon denies that Plaintiffs are entitled to Verizon's

payment of their reasonable costs and expenses, including attorneys' fees, as asserted by Plaintiff in section 5.

DATED:  February 11, 2022                                   Respectfully submitted,

                                                              Reid M. Figel (*pro hac vice pending*)
                                                              **KELLOGG, HANSEN, TODD,**
                                                                  **FIGEL & FREDERICK, P.L.L.C.**
                                                             1615 M Street, N.W., Suite 400
                                                             Washington, D.C. 20036
                                                             Tel.: (202) 326-7900
                                                             Email: rfigel@kellogghansen.com

                                                             */s/ Gavin J. Rooney*

                                                             Gavin Rooney (grooney@lowenstein.com)
                                                             **LOWENSTEIN SANDLER LLP**
                                                             One Lowenstein Drive
                                                             Roseland, New Jersey 07068
                                                             Tel.: (973) 597-2500
                                                             Email: grooney@lowenstein.com

                                                             *Counsel for Defendant*

## **CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

DATED:  February 11, 2022                             */s/ Gavin J. Rooney*

                                                                   Gavin Rooney (grooney@lowenstein.com)
                                                                   **LOWENSTEIN SANDLER LLP**
                                                                   One Lowenstein Drive
                                                                   Roseland, New Jersey 07068
                                                                   Tel.: (973) 597-2500
                                                                   Email: grooney@lowenstein.com

                                                                   *Counsel for Defendant*