# KING MOENCH & COLLINS

A Limited Liability Partnership†

ATTORNEYS AT LAW

**PETER J. KING**◊
 PKing@kingmoench.com
**MATTHEW C. MOENCH\***
 MMoench@kingmoench.com
**MICHAEL L. COLLINS\***
 MCollins@kingmoench.com
_____

**NAKICHA T. JOSEPH**
 NJoseph@kingmoench.com

**Of Counsel**
**ROMAN B. HIRNIAK**
 RHirniak@kingmoench.com

◊ Certified by the Supreme Court of New Jersey as a Municipal Court Attorney

\* Member of the Bar of New York

**51 GIBRALTAR DRIVE – SUITE 2F**

**MORRIS PLAINS, NEW JERSEY 07950-1254**

_____

**973-998-6860**

**Facsimile:  973-998-6863**

**RED BANK OFFICE**

**365 BROAD STREET, SUITE 4R**
**RED BANK, NEW JERSEY 07701**
_____

**732-546-3670**



August 2, 2022

**VIA ELECTRONIC MAIL**
Hon. Douglas E. Arpert
United States Magistrate Judge
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> **RE:** **Caporale, et al. v. Cellco Partnership d/b/a Verizon Wireless,**
> **Case No. 3:21-cv-20484-ZNQ-DEA**
>
> **Peede, Jr. v. Cellco Partnership d/b/a Verizon Wireless,**
> **Case No. 3:22-cv-00611-ZNQ-DEA**

Dear Judge Arpert:

The undersigned represents Plaintiffs in the above-referenced matters. We write to alert Your Honor that despite attempts the parties have been unable to resolve two outstanding discovery disputes.  Accordingly, Court intervention will be necessary.

Plaintiffs' position:  Plaintiffs have two outstanding discovery requests of Defendant. First, Plaintiffs continue to request Defendant answer Plaintiffs' follow-up questions to Defendant's interrogatory responses. Specifically, Defendant's interrogatory responses confirm Defendant preserved data/information for the *Caporale, et al.* Plaintiffs after receiving subpoenas from the Select Committee for those Plaintiffs' data/information. Plaintiffs request Defendant: (1) identify the information/data Defendant preserved; (2) identify the time period for which Defendant preserved such information/data; and (3) identify the length of time Defendant will preserve such information/data.

Second, Plaintiffs continue to request Defendant provide written communications from the Select Committee regarding the preservation request(s) and subpoena(s) for Plaintiffs' information/data. Plaintiffs have offered to limit this request to only written communications

Hon. Douglas E. Arpert
August 2, 2022
Page 2

*from the Select Committee*. Defendant may redact any portion of these communications that originated from Defendant.

Plaintiffs believe both requests are relevant to the pursuit of their claims. Identification of the information/data preserved and subject to the Select Committee's subpoenas is paramount to Plaintiffs' claims. Further, written communications from the Select Committee regarding the preservation request(s) or subpoena(s) may shed light on the purpose and intentions of the Select Committee and are directly relevant to Plaintiffs' claims.

Defendant's position: Verizon has consistently maintained that discovery is inappropriate in this case. *See* April 26, 2022 Joint Ltr. at 5, 7-9. This is because *many courts* have already decided that the Select Committee's subpoenas are lawful without discovery—much less discovery into *routine, ministerial communications* between the Select Committee and the subpoena recipient. And *no* court has found the Select Committee's subpoenas unlawful.

Moreover, Verizon has engaged in significant, good faith efforts to avoid litigation over this issue, by voluntarily providing discovery that is unnecessary and irrelevant: it has fully responded to Plaintiffs' Request for Admissions and all but one Interrogatory (as that implicated only privileged communications). To avoid discovery litigation, Verizon *also* agreed to answer *additional questions* that Plaintiffs failed to ask in their Interrogatories, but on the condition that Plaintiffs would agree not to pursue the burdensome production of the entirely irrelevant communications they have sought in their discovery requests. Plaintiffs refused.

Verizon maintains that Plaintiffs' discovery demands constitute a fishing expedition for dilatory purposes. If the Court is considering compelling Verizon to comply, Verizon requests the opportunity to fully brief the issue. Judicial assistance is appropriate and necessary to protect Verizon from expensive and irrelevant litigation requests.

The parties have engaged in good faith negotiations to resolve these two outstanding disputes. However, those negotiations have been unsuccessful. Both parties stand ready to answer any questions the Court may have or provide additional information the Court may request.

**KING MOENCH & COLLINS LLP**

*/s/ Matthew C. Moench, Esq.*
By: Matthew C. Moench, Esq.

cc: All counsel (via E-Mail)