

ATTORNEYS AT LAW

| | | |
|---|---|---|
| PETER J. KING ◊ | Writer's Address: | Red Bank Office: |
| **MATTHEW C. MOENCH** * | | |
| MICHAEL L. COLLINS * | 51 Gibraltar Drive, Suite 2F | 365 Broad Street, Suite 4R |
| | Morris Plains, NJ 07950 | Red Bank, NJ 07701 |
| ROMAN B. HIRNIAK ^ | (973) 998-6860 | (732) 546-3670 |
| KRISHNA R. JHAVERI *+ | | |
| TIFFANY TAGARELLI | E-Mail: | Website: |
| | mmoench@kingmoench.com | www.kingmoench.com |

◊ Certified by the Supreme Court of New Jersey
  as a Municipal Court Attorney
* Also Member of the New York Bar
+ Also Member of the Arizona Bar
^ Of Counsel

A limited liability partnership of Peter J. King, LLC, Moench Law, LLC & Collins Law, LLC

October 15, 2022

**VIA ECF**
Hon. Douglas E. Arpert
United States Magistrate Judge
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      **RE:** **Caporale, et al. v. Cellco Partnership d/b/a Verizon Wireless,**
            **Case No. 3:21-cv-20484-ZNQ-DEA**

            **Peede, Jr. v. Cellco Partnership d/b/a Verizon Wireless,**
            **Case No. 3:22-cv-00611-ZNQ-DEA**

Dear Judge Arpert:

The undersigned represents Plaintiffs in the above-referenced matters. Plaintiffs, Justin Caporale, Maggie Mulvaney, Robert Peede Jr., Megan Powers, and Tim Unes, bring this Motion for Leave to File their First Amended Complaint to add the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") and Bernie G. Thompson, in his capacity as Chairman of the House Select Committee

Hon. Douglas E. Arpert
October 15, 2022
Page 2

to Investigate the January 6th Attack on the United States Capitol (Chairman Thompson) as defendants in both cases.

A party may amend their pleading before trial with leave of the court. Fed. R. Civ. P. 15(a)(2). Courts must grant leave to amend "when justice so requires." *Id*. Rule 15 represents a liberal approach to pleading and leave to amend should only be denied when equitable factors, such as delay or prejudice to the opposing party, suggest amendment would be unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–203 (3d Cir. 2006).

Additionally, multiple parties may be joined as defendants in a single action when: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts should apply Rule 20 with an impulse "'toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 154 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Joinder of a party that has some interest in the action is permissible "'even when that interest is not so strong as to require his joinder'

Hon. Douglas E. Arpert
October 15, 2022
Page 3

under Rule 19." *Id.* (quoting *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980)).

Amendment of the complaints in these matters to add the Select Committee and Chairman Thompson as defendants is warranted. The relief Plaintiffs seek, quashing of the subpoenas, a permanent injunction prohibiting compliance with and enforcement of the subpoenas, and deletion of preserved data, is asserted jointly against Verizon, the Select Committee, and Chairman Thompson. The requested relief also arises out of the same occurrences, namely the issuance of the preservation letters and subpoenas, and as a result, the questions of law and fact at issue in these matters are common to Verizon, the Select Committee, and Chairman Thompson. Amendment of the complaints to add the Select Committee and Chairman Thompson as additional defendants will not prejudice Verizon and is not unjust.

Finally, because Verizon states that it takes no position on Plaintiffs' underlying objections to the Subpoena, and the Select Committee refuses to withdraw the Subpoena as to the Plaintiffs and therefore appears willing to defend its legal position in court, joining the Congressional Defendants will assist the Court in reaching a reasoned decision that takes account of the interests of the party that claims to have a reason to view Plaintiffs' private phone records.

Hon. Douglas E. Arpert
October 15, 2022
Page 4

    For these reasons, the Plaintiffs respectfully request the Court grant their Motion for Leave to File Plaintiffs' First Amended Complaint.

                              Respectfully submitted,

                              /s/ *Matthew C. Moench*
                              Matthew C. Moench, Esq.
                              **KING MOENCH & COLLINS, LLP**
                              51 Gibraltar Drive, Suite 2F
                              Morris Plains, New Jersey 07950
                              Tel: 973-998-6860
                              Fax: 973-998-6863 (facsimile)
                              mmoench@kingmoench.com


                              /s/Edward D. Greim
                              Edward D. Greim, Esq.
                              Paul Brothers, Esq.
                              **GRAVES GARRETT, LLC**
                              1100 Main Street, Suite 2700
                              Kansas City, MO 64105
                              Phone: (816) 256-3181
                              Fax: (816) 256-5958
                              edgreim@gravesgarrett.com
                              pbrothers@gravesgarrett.com

                              *Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)